UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80113-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

THOMAS SHEELY,

        Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, Thomas Sheely, through undersigned counsel, files his sentencing memorandum and states the following:

### I. Florida felony battery does not qualify as a "crime of violence" after *Borden*

In *United States v. Borden*, 593 U.S. 420 (2021), the Supreme Court clarified that the phrase "use of physical force against the person of another" in the ACCA's elements clause "covers purposeful and knowing acts, but excludes reckless conduct." *Id.* at 1826, 1828, 1829 n.6 (plurality); 1835 (Thomas, J., concurring in the judgment). Although five justices agreed that reckless crimes do not meet the elements clause, the plurality reasoned that the phrase "against another" requires that a perpetrator "target another individual," *id.* at 1822, and that excluding reckless crimes was consistent with Congress' purpose to "mark out a narrow 'category of violent, active crimes" which not only involve "a substantial degree of force, but also a purposeful or knowing mental state—a deliberate choice of wreaking harm on another, rather than

1

mere indifference to risk." *Id.* at 1822, 1830 (citing *Leocal v. Ashcroft*, 543 U.S. 1 (2004)). While Justice Thomas agreed that an "intent to harm" was integral to elements clause offenses, and thus reckless crimes were excluded, he so found based simply on the phrase "use of physical force." *Id.* at 1835.

Contrary to the government's mistaken contention, *United States v. Vail-Bailon*, 868 F.3d 1293, 1295 (11th Cir. 2017) (en banc) has no bearing on the whether Florida felony battery in violation of § 784.041(1) contains a sufficient *mens rea* to qualify as a "crime of violence" after *Borden*. That is because *Vail-Bailon* only considered the level or "degree" of force necessary for an offense within the elements clause. *See* 868 F.3d at 1299 (articulating "[t]he question raised by this appeal" is "whether felony battery as defined in Florida Statutes § 784.041 necessarily requires the use of physical force, and thus categorically qualifies as a crime of violence under the elements clause in [U.S.S.G.] § 2L1.2;"[1] "readily" concluding that it does, by "[a]pplying the definition of physical force articulated by the Supreme Court in *Curtis Johnson* [*v. United States*, 559 U.S. 133 (2010)]," namely, "force capable of causing physical pain or injury;" noting that in *Johnson*, *id.* at 143, the Court held that "physical force" "might consist ... of only that degree of force necessary to inflict pain").

The *Vail-Bailon* majority did **not** consider the separate and distinct issue of the *mens rea* necessary to the elements clause in holding that Florida felony battery categorically qualified. Only Judge Rosenbaum in dissent addressed the *mens rea*

---

[1] The elements clause considered in *Vail-Bailon* was worded identically to § 4B1.2(a)(1) and the ACCA's elements clause, and the government points out, the Eleventh Circuit considers precedents construing these identically-worded provisions to be instructive for one another. 868 F.3d at 1298, n. 8.

issue Mr. Sheely has now raised—reasoning similar to Justice Thomas' later reasoning in *Borden*. Notably, Judge Rosenbaum concluded that because felony battery required *only an intent to touch, but not an intent to harm,* it did not meet the elements clause. *See* 868 F.3d at 1314-18 (Rosenbaum, J., dissenting). *Borden* plainly controls the elements clause *mens rea* issue here, *not Vail-Bailon.*

In *United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022), *aff'd sub nom Brown v. United States*, 602 U.S. 101 (2024), the Eleventh Circuit clarified proper application of the "prior panel precedent" rule by explaining that "[q]uestions which merely lurk in the record," which are not "ruled upon, are not to be considered as having been so decided as to constitute precedents." *Id.* at 853-54 (citing *Webster v. Fall*, 266 U.S. 507, 511 (1925) and *United States v. Edwards*, 997 F.3d 1115, 1120 (11th Cir. 2021) ("[W]e weren't confronted with the question we face today ... and so, of course, we had no occasion to resolve it.")). Applying that rule in *Jackson*, the Eleventh Circuit held that prior circuit decisions cited by the government holding that a conviction under Fla. Stat. § 893.13(1)(a) was categorically a "serious drug offense" as defined in 18 U.S.C. § 924(e)(2)(A)(ii), did *not* address the defendant's current challenge to a *different part* of the "serious drug offense" definition, and thus did **not** control. 55 F.4th at 853-54. *See also United States v. Penn*, 63 F.4th 1305, 1310-11 (11th Cir. 2023) (citing *Jackson*, 55 F.4th at 853-54 in considering *de novo* another question not expressly considered in prior decisions holding that § 893.13(1)(a) was a "serious drug offense").

In the same way that *Jackson* and *Penn* considered *de novo* never-before-addressed issues involving the ACCA's "serious drug offense" definition, by remanding for this

3

Court to determine in the first instance whether Mr. Sheely's felony battery conviction is a "crime of violence" after *Borden*, the Eleventh Circuit has authorized this Court to be the first to resolve this never-before-considered elements clause/*mens rea* challenge to felony battery. If *Vail-Bailon* controlled that issue, the panel would have easily so held in Mr. Sheely's appeal, since the issue was exhaustively briefed. After finding that neither Florida manslaughter nor attempted robbery qualified as "crimes of violence," it would have simply remanded to this Court with directions that that Mr. Sheely be re-sentenced under U.S.S.G. § 2K2.1(a)(3), because (under *Vail-Bailon*) he still had one prior conviction for a "crime of violence."     But, although the Eleventh Circuit frequently remands with instructions to resentence the defendant without a particular enhancement, *see, e.g.,* the *Metzler* and *Day* cases cited *supr*a at page 15, Mr. Sheely's panel notably did not do that here. Rather, it sent this case back for resentencing without the Florida manslaughter and attempted robbery priors, but it expressed "no opinion on the contested question of Sheely's additional prior conviction for Florida felony battery." *United States v. Sheely*, 2024 WL 4003394, at *6 (11th Cir. Aug.30, 2024). And that is significant. The Court clearly wanted this Court to resolve *Borden*'s applicability to this prior, in the first instance, with the benefit of (at the very least) the parties' arguments on appeal as to *Borden* and *Vail-Bailon*'s applicability or inapplicability.

In maintaining that Mr. Sheely's Florida felony battery conviction remains a crime of violence under *Vail-Bailon* after *Borden*, the government erroneously ignores that, as Mr. Sheely pointed out on appeal and reiterates herein, the Eleventh Circuit clarified the prior panel precedent rule in *Jackson* and *Penn*. And in light of

4

that clarification *Vail-Bailon* cannot be preclusive on a *mens rea* issue the en banc Court did not consider. Equally wrong, the government ignores the Supreme Court's actual analysis in *Borden* and mistakes its holding.

In arguing that "[b]y intentionally making contact with the victim, the perpetrator of a felony battery has 'direct[ed] his action at' that individual in the way *Borden* demands," DE 62:5-6, the government confuses the *Borden* plurality's argument about "targeting," with *Borden*'s actual holding. With the fifth-and-necessary vote of Justice Thomas, *Borden*'s holding was simply that crimes with a reckless *mens rea*, that do not require specific intent to harm, do not meet the elements clause.

Indeed, as the Eleventh Circuit explained immediately post-*Borden* in *United States v. Carter*, 7 F.4th 1039 (11th Cir. 2021), the fact that the state must prove "intent to do [an] act" under a statute does ***not*** suffice for the elements clause. *Id.* at 1045 (distinguishing an intent to act from an intent to injure) (internal citations omitted). Florida felony battery is analogous to the Georgia aggravated assault offense in *Carter*, in this respect. The "intentionally" *mens rea* in Florida felony battery immediately precedes—and is limited to—the *actus* reus of the offense ("touches and strikes another person against the will of the other") set forth in Fla. Stat. § 784.041(1)(a). Read together, the words in that subsection require nothing more than "intent to do an act"—namely, intentionally touching or striking another person against his will.

It is clear from the statute's structure, interpretive caselaw, and a comparison with the aggravated battery offense, that the *mens rea*, "intentionally," in the first

5

element of felony battery does *not* extend to its second element, the result of the "intentional act"—namely, "causes great bodily harm, permanent disability, or permanent disfigurement." That second element, notably, is set forth in a separate subsection of the statute, Fla. Stat. § 784.041(1)(b).

It is commonplace in the law that an offense has different *mens rea* for different elements. For instance, in *United States v. Freed*, 401 U.S. 601 (1971), which dealt with the offense of possessing unregistered grenades, the Supreme Court held that a defendant had to "knowingly possess" the grenades, but did *not* need to know they were unregistered. *Id.* at 507-09. Indeed, a similar rule applied to 18 U.S.C. § 922(g)(1) prior to the Supreme Court's holding in *Rehaif v. United States*, 588 U.S. 255 (2019) that a defendant needed to know that he was a felon. But plainly, even in *Rehaif*, the Court confirmed that at least one element in § 922(g)(1) was strict liability. *See id.* at 230 ("No one here claims that the word 'knowingly' modifies the statute's jurisdictional element"). And in crimes involving sex crimes with minors, or child pornography, although the defendant must knowingly engage in a specific act, these offenses are likewise strict liability as to the "minor" element; a defendant need not know the actual age of the minor.

So too with the "causes great bodily harm, permanent disability, or permanent disfigure" element" of felony battery. As consistently argued by Mr. Sheely, and unfairly discounted by the government, the **ONLY** factor that distinguishes felony battery under Fla. Stat. § 784.041(1), a third degree felony, from aggravated battery under Fla. Stat. § 784.045(1)(a), a second degree felony, is that the latter expressly provides that "great bodily harm" is caused "intentionally or knowingly." Thus, it is

the presence or absence of *mens rea* as to the "result" of the intentional touching/striking that distinguishes these two crimes. To commit aggravated battery, the causation of great bodily harm is either intentional or knowing; but in felony battery it is neither. It can be completely "unintended," unexpected, and accidental. *See, e.g., Jeffries v. State*, 849 So.2d 401, 404 (Fla. 2d Dist. Ct. App. 2003). In short, the offense is "strict liability" as to the great bodily harm caused. *See T.S. v. State*, 965 So. 2d 1288, 1290-91 (Fla. 2d Dist. Ct. App. 2007).

Since it is the presence or absence of *mens rea* as to the great bodily harm caused that distinguishes these (otherwise identical) felonies of different degrees, it makes sense for the Court to focus its *Borden* analysis of Mr. Sheely's conviction under Fla. Stat. §741.041 on this "causation of harm" element, which requires **no mens rea**. Plainly, there would be no need for the separate felony battery statute if both felony and aggravated battery required the intentional causation of harm. And, after *Borden,* the fact that "intentionally" only refers to the act, but not the result of the touching/striking in felony battery, means the offense falls outside the elements clause.

Indeed, consistent with the Eleventh Circuit's interpretation of *Borden* in *Carter*, in *United States v. Gomez*, 115 F.4th 987 (9th Cir. 2024) the Ninth Circuit recently explained in detail why an "intentional act" requirement in a statute "does **not** equate to an 'intent' or 'purpose' *mens rea*" that *Borden* held the elements clause requires. Specifically, an "intentional act" requirement only requires that the act in question be "volitional," which "is directly contrary to the definition of purpose or intent in *Borden*, which is to 'consciously desire[] a particular result." *Id.* at 994

7

(citing *Borden*, 593 U.S. at 426). And indeed, the *Gomez* court explained, even if a reasonable person would realize that his act, by its nature, would directly and probably result in the application of force to another, the offense would ***not*** meet *Borden* if it "does not require an intent to apply force, knowledge than an action will cause force to be applied to another, or even subjective awareness of a risk that such force will result." *Id.* at 995-96. That is precisely the case with Florida felony battery.

As the *Gomez* court explained, *Borden*—by its terms—not only requires more than reckless conduct (knowledge of facts that make conduct likely to, or probably will, result in harm), or a mere "intentional act. It specifically requires a "subjective awareness" that a result is "practically certain to follow from [one's] conduct." *Id.* at 997 (a "subjective awareness of a risk of harm is not sufficient").

Accordingly, irrespective of the word "intentionally" in the Florida felony battery statute, that does *not* meet *Borden*, as applied in *Carter* and further clarified in *Gomez*, because: (1) the *mens rea* of "intentionality" only applies to the first (*actus reus*) element of the offense, and does not extend to the second (causation of harm) element; and (2) neither element of § 781.041(1) requires "subjective awareness" of a "practical certainty," ***or any thought at all***, ***as to consequences*** that will result from one's intentional act. As such, the Court should find a conviction for Florida felony battery does not meet the now-clearly-defined, heightened *mens rea* of the elements clause after *Borden*.

> **II. Florida attempted robbery does not qualify as a "crime of violence" after *Taylor*; *Lightsey* is inconsistent with, and cannot control over the Eleventh Circuit's earlier, binding precedent in *Alvarado-Linares* interpreting the scope of *Taylor*.**

8

In *Alvarado-Linares v. United States*, 44 F.4th 1334, 1346 (11th Cir. 2022), the Eleventh Circuit considered for the first time the application of *United States v. Taylor*, 596 U.S. 845 (2022) to other statutes beyond 18 U.S.C. § 924(c), and attempt crimes beyond attempted Hobbs Act robbery. And notably, the Court "read *Taylor*" broadly in *Alvarado-Linares* to apply not only well beyond § 924(c) to other statutes with identical elements clause language, but also to different predicate offenses. On the latter point, the Court held, the determinant would be whether, as in *Taylor* itself, the underlying completed crime "may be committed by the threatened use of force;" if so, an attempt to commit that crime, would be an "attempt to threaten," which "falls outside the elements clause." *Id.* at 1346. Since the completed crime of murder which underlay the attempted murder offense in *Alvarado-Linares*, "could never be committed by a mere threat," the Court reasoned that attempted murder likewise could never be committed by an attempted threat, and *Taylor* did not apply. *Id.* (finding attempted murder thus remained a "crime of violence" under pre-*Taylor* precedents).

The 2-member majority's suggestion in *United States v. Lightsey*, ___ F.4th ___, 2024 WL 4630955 (11th Cir. Oct. 31, 2024) that *Taylor* does not apply outside § 924(c) and the narrow (attempted Hobbs Act) predicate in that case, *id.* at *6, is demonstrably inconsistent with the broad approach to *Taylor*'s applicability in *Alvardo-Linares*—the controlling Circuit precedent on the issue. And indeed, Judge Wilson expressly recognized that, in his *Lightsey* dissent. *See* 2024 WL 4630955, at

9

\*\* (Wilson, J., concurring in part[2] and dissenting in part) (noting that "This circuit has read *Taylor* to stand for the principle that, 'where a crime may be committed by the threatened use of force, an *attempt* to commit that crime—i.*e., an attempt to threaten*—falls outside the elements clause;'" citing *Alvarado-Linares*, 44 F.4th at 1346). Notably, Judge Wilson also cited as support, the panel's decision in Mr. Sheely's case. *See id.* (citing *United States v. Sheely*, 2024 WL 4003394, at \*5 (11th Cir. Aug. 30, 2024)).

As is obvious from Judge Wilson's explicit reliance upon *Alvarado-Linares*, this controlling precedent was indisputably before the Court in *Lightsey*. Although it was strangely not mentioned in the majority opinion, *Alvarado-Linares* was cited in the court-appointed amicus' brief, DE67:18; embraced and relied upon by Lightsey as supportive of his position at oral argument; and then relied upon by Lightsey again in 3 post-oral argument letters of supplemental authority. *See Lightsey*, DE 99 (arguing that prior circuit precedent holding attempted Florida robbery was a "crime of violence, had been abrogated by *Alvarado-Linares*; his position was consistent with that very case, and multiple cases where the Court had found a prior precedent involving a different predicate statute "undermined to the point of abrogation"); DE 100 (arguing that "use of a firearm" was not an element even of armed robbery as per the language of Fla. Stat. § 812.13(2)(a), which has been definitively interpreted by the Florida Supreme Court to require only "carrying" of a weapon, not ever displaying, and the victim does not even need to be aware the robber had a firearm);

---

[2] Judge Wilson agreed with the majority as to the Lightsey's other predicate.

and DE 101 (reaffirming that attempted Florida robbery met the *Alvarado-Linares* "attempted threat" standard, since the indivisible Florida robbery statute could be violated by four separate means—force, violence, assault, or putting in fear—and "the latter two means require only a threat;" citing *State v. Baldwin*, 709 So. 2d 636, 637-38 (Fla. 2d DCA 1998) (holding that robbery by "putting in fear" requires an act that an objective observer would consider an implicit threat)).

And notably, after Lightsey filed those three Rule 28(j) letters arguing that *Alvarado-Linares* controlled whether his Florida attempted robbery conviction was a proper "crime of violence" under the Guidelines after *Taylor*, and he met the *Alvarado-Linares* test because even the completed crime of armed robbery in Florida could be committed by a mere threat and without the use of force, neither the government nor the court-appointed amicus disagreed. .

Under the Eleventh Circuit's "prior panel precedent" rule, if there is a conflict or even tension between circuit precedents—as there is at this time—the earlier case always controls. *See United States v. Dubois*, 94 F.4th 1284, 1301 (11th Cir. 2024) (citing *Thompson v. Alabama*, 65 F.4th 1288, 1301 (11th Cir. 2023) (a later panel is bound by "the reasoning" of "the first panel's ruling"); *In re Rogers*, 825 F.3d 1335, 1339 n. 6 (11th Cir. 206) ("earliest case" rule applies even if precedents are not directly in conflict but merely "in tension"); *Walker v. Mortham*, 158 F.3d 1177, 1188-89 (11th Cir. 1998) (adopting "earliest case" rule for intracircuit splits).

As such, because of the conflict in precedents here, *Alvarado-Linares* necessarily controls over *Lightsey*, and *Lightsey* does not bind this Court. Rather, the Court must apply *Alvarado-Linares*' rule on *Taylor*'s applicability. And it should find

11

under that rule—as both the government and Judge Wilson explicitly agreed in *Lightsey*—that Florida attempted robbery is **not** a "crime of violence" within the elements clause after *Taylor*.

### III. If the Court finds *Lightsey* rather than *Alvarado-Linares* controls until *Lightsey* is vacated—which is likely—at the very least the Court should grant Mr. Sheely a variance under 18 U.S.C. § 3553(a).

At this moment, *Lightsey* is a non-final decision. It will not be final unless and until the mandate issues in the case. And it is expected that a petition for rehearing en banc will soon be filed, after which *Lightsey* will likely be vacated either by the panel or the en banc Court because its reasoning is demonstrably wrong, and inconsistent with the rulings in multiple unpublished opinions of identically-situated defendants in the Eleventh Circuit and nationwide.

1. <u>The *Lightsey* majority opinion is wrongly-reasoned</u>. The 2-judge *Lightsey* majority made obvious errors of law. It not only disregarded *Alvarado-Linares*, which clearly recognized *Taylor* applied outside the § 924(c) context and the single prior (attempted Hobbs Act robbery) in that case, and clarified which type of predicates fell within *Taylor*'s new rule and which fell outside. Its reasoning was demonstrably wrong on other key points of law as well. As rightly pointed out by Judge Wilson in dissent, the completed crime of Florida armed robbery is **not** always committed by a "use of force." *Cf. Lightsey*, 2024 WL 4630955, at *6 (holding that the Florida robbery statute differed "fundamentally" from the Hobbs Act robbery statute because "the Florida statute requires the use of force against a person") *with id.* at *8 (Wilson, J.) (disagreeing on that point; explaining, "Florida attempted armed robbery does not

12

always require the government to prove the use, attempted use, or threatened use of force. Rather that crime may be accomplished by an attempted threat of force, which is neither an attempted nor threatened use of force;" in finding "Florida armed robbery may be committed by a threatened use of force," citing not only *Alvarado-Linares*, but also *United States v. Smith*, No. 20-12609, 2023 WL 1860518, at *12-13 (11th Cir. Feb. 9, 2023) (holding that "because criminal attempt to commit armed robbery in Georgia may be committed by an attempt to threaten, it is not categorically a violent felony under the ACCA's elements clause")); *see Smith*, *id.* at *13 (expressly following *Alvarado-Linares*).

2. The *Lightsey* majority opinion is inconsistent with multiple prior opinions both inside and outside this Circuit. Notably, beyond *Smith* (a per curiam opinion by Judges Jill Pryor, Branch, Ed Carnes), and *Sheely* (a per curiam opinion by Judges Rosenbaum, Brasher, and Abudu), two other Eleventh Circuit panels as well have issued on-point decisions finding this precise Florida attempted state robbery prior does ***not*** qualify as a "crime of violence" after *Taylor*. *See United States v. Metzler*, No. 22-13759, 2023 WL 5746643, at **3-4 (11th Cir. Sept. 6, 2023) (per curiam opinion by Judges Jill Pryor, Lago, and Brasher) (agreeing with the government's concession of error; holding Florida attempted robbery was not a "crime of violence" within the Career Offender elements clause after *Taylor* because the offense "can be accomplished without force, attempted force, or the threat of force"—indeed, it can be committed by "putting [the owner] in fear," and requires "only the formation of an intent to take money or property of another and an overt act capable of accomplishing that goal;" citing Florida caselaw recognizing that a Florida attempted robbery does

13

"not necessarily involve the use or threat of use of force;" vacating sentence and remanding for resentencing without the Career Offender enhancement), and *United States v. Days*, No. 22-13305, 2023 WL 6231058, at **4-5 (11th Cir. Sept. 26, 2023) (per curiam opinion by Judges Lagoa, Abudu, and Anderson) (following *Metzler*, in holding that a "prior Florida conviction for attempted armed robbery does not qualify as a crime of violence under U.S.S.G. § 4B1.2; vacating sentence and remanding for resentencing without a "crime of violence" enhancement).

Strangely, Judge Lagoa, who wrote the *Lightsey* majority opinion, was on both *Days* and *Metzler*.

Other than Judge Lagoa, however, there were 5 current Eleventh Circuit judges (Brasher, Rosenbaum, Abudu, Jill Pryor, and Branch) between *Smith*, *Sheely*, *Metzler*, and Days. Judge Brasher also wrote *Alvarado-Linares*, joined by Judges Branch and Newsom. Thus, as of this writing, with the addition of Judge Wilson, who dissented in *Lightsey*, there are a total of 7 Eleventh Circuit judges likely to vote for rehearing en banc in *Lightsey*. And indeed, because of the inconsistency between her decision in *Lightsey*, and the decisions she joined in *Days* and *Metzler*, Judge Lagoa might support either a panel rehearing or rehearing en banc in *Lightsey* as well.

Significantly, other courts in the country as well have rendered decisions consistent with *Smith*, *Sheely*, *Metzler*, *Days*, and *Alvarado-Linares*—and inconsistent with the *Lightsey* majority opinion—when faced with analogous state robbery priors after *Taylor*. In *United States v. Martinez*, No. 22-137, 2022 WL 17999567 (2d Cir. Dec. 27, 2022), the Second Circuit granted the government's *own* motion to vacate not only a defendant's ACCA enhancement predicated on two New

14

York robberies, but also his underlying § 922(g)(1) conviction and—pursuant to an agreement with the defense—to replace that conviction with a reinstated charge of participating in a narcotics conspiracy.  *See Martinez*, DE 40:5-9 (concession by the government that after *Taylor*, the defendants' New York armed robbery convictions were not "crimes of violence" because the underlying completed robbery offenses could be committed by merely *threatening* physical force; citing the Eleventh Circuit's decision in *Alvarado-Linares*). And in *United States v. Antonio Hines*, Crim, Nos. GJH-10-10075 and GJH-10-0076; Civ. Nos. GJH-16-1619 and GJH-16-1620 (D. Md. 2022), the government likewise conceded after *Taylor* – and the district court agreed – that Maryland attempted robbery cannot be an ACCA violent felony because it can be accomplished by "a mere attempted threat of force."  On September 12, 2022, the *Hines* court vacated the defendant's ACCA sentence, and resentenced him to "time served."  *See* Case No. GJH-8-10-CR-0075, DE 58 (Amended Judgment).  Plainly, the United States government cannot be taking contrary positions on the proper interpretation and application of *Taylor*, in different parts of the country. In this circuit, even in *Lightsey*, the government has—until now—always candidly conceded that Florida attempted robbery does *not* meet the elements clause.

And the inequity of treating Mr. Sheely differently from all of these other similarly-situated defendants within, and outside, the Circuit, would be glaring. Notably, on November 16, 2023—almost a year ago—Judge Altoon in the Middle District of Florida resentenced Mr. Days without the enhancement, to a time served sentence (down from 27 months imposed previously). *United States v. Days*, No. 22-cr-00023-JA, DE 74 (M.D. Fla. Nov. 16, 2023).  And on December 20, 2023, Judge Ruiz

15

reduced Mr. Metzler's prior term of 120 months imprisonment to 70 months. *United States v. Metzler*, No. 22-cr-601-4-RAR, DE 56 (S.D. Fla. Dec. 20, 2023). His new release date is March 27, 2027.

Mr. Sheely should have the right to be re-sentenced without any "crime of violence" enhancement for his Florida attempted robbery, exactly like these identically-situated defendants. At the very least, if the Court believes it is bound by *Lightsey* in calculating Mr. Sheely's advisory Guideline range, it should vary down to the sentence he would face without this enhancement to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

    Respectfully submitted,

    HECTOR DOPICO
    FEDERAL PUBLIC DEFENDER

    By: *s/Robert E. Adler*
    Robert E. Adler
    Assistant Federal Public Defender
    Attorney for Defendant
    Florida Bar No. 259942
    250 S Australian Avenue, Suite 400
    West Palm Beach, Florida 33401
    (561) 833-6288 - Telephone
    *robert_adler@fd.org* - Email

**CERTIFICATE OF SERVICE**

      I HEREBY certify that on November 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                             s/*Robert E. Adler*
                                             Robert E. Adler